**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM GENE EATON,** | : | |
| Plaintiff | : | CIVIL NO. 3:CV-15-1932 |
| v. | : | (Judge Caputo) |
| **UNITED STATES of AMERICA** | : | |
| Defendant | : | |

**M E M O R A N D U M**

**I.   Introduction**

The pro se plaintiff, William Gene Eaton, an inmate at the Schuylkill Federal Correctional Institution in Minersville, Pennsylvania, filed this Federal Tort Claim Act action on October 5, 2015.  He alleges Bureau of Prison staff were negligent in maintaining the prison walkways on March 12, 2015, when he slipped and fell on an icy sidewalk.  He sustained a concussion and several broken ribs, and subsequently developed pneumonia.  Mr. Eaton also claims prison medical staff were negligent in their initial diagnosis and treatment of him following his fall.  He was eventually sent to an outside hospital were additional injuries were discovered.  (Doc. 1, Compl.)

Presently before the Court is Mr. Eaton's motion for appointment of counsel. Although he is "a jail-house lawyer," he claims he still suffers from a concussion and believes '[j]ustice would not be served for Plaintiff without an attorney." (Doc. 3.) For the following reasons, the motion will be denied without prejudice.

## II.  Standard of Review

This is a civil action, not a criminal one.  Hence the plaintiff has no constitutional or statutory right to appointed counsel.  *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002).  Nor can the court compel a lawyer to represent an indigent plaintiff.  *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993).  Rather, representation for an indigent is governed by 28 U.S.C. § 1915(e)(1) which only provides that the court "may *request* an attorney to represent any person unable to afford counsel."  (emphasis added).

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in deciding whether to seek counsel, *Montgomery,* 294 F.3d at 498, and the decision can be made at any point of the litigation.  *Id.* at 503-04.  The Third Circuit has provided guidance for the exercise of the district court's discretion.  At the threshold, the court must decide whether the plaintiff's case "has some arguable merit in fact and law." *Id.* at 499 (quoting *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)).  A court need not appoint counsel "if the indigent's chances of success on the merits are extremely slim."  *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986))(internal quotation marks and brackets omitted).

## III.  Discussion

This case is in its procedural infancy.  The court has just recently directed service of Mr. Eaton's Complaint on the Defendant.  Until the Defendant responds to the Complaint the court will not be able to fully assess the threshold question of the

-2-

arguable factual and legal merit of Plaintiff's claims for the purpose of appointing him counsel.  There is no evidence, at this point, that any prejudice will result in the absence of counsel.  Consequently, at this time Mr. Eaton's request for counsel will be denied.  However, Plaintiff may file another motion for appointment of counsel if circumstances change.

      An appropriate Order follows.

                                      **/s/ A. Richard Caputo**
                                      **A. RICHARD CAPUTO**
                                      **United States District Judge**

**Date:  October 20, 2015**