**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM GENE EATON,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 3:CV-15-1932** |
| | : | |
| **v.** | : | **(Judge Caputo)** |
| | : | |
| **UNITED STATES of AMERICA** | : | |
| | : | |
| **Defendant** | : | |

**M E M O R A N D U M**

## I.    Introduction

Plaintiff William Gene Eaton brings this action against the Defendant, the United States of America, pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671 *et seq*. Mr. Eaton seeks monetary compensation for the negligent treatment of injuries incurred when he slipped and fell on an improperly maintained sidewalk at USP-Schuylkill.  He sustained several broken ribs which led to him developing pneumonia.  (ECF No. 1.)  The United States filed a motion to dismiss or, in the alternative, motion for summary judgment based on Mr. Eaton's failure to: (1) file a Certificate of Merit (COM) as required by Pennsylvania Rule of Civil Procedure 1042.3; (2) exhaust his administrative tort claim prior to filing his Complaint; and (3) state a claim under the "hills and ridges" doctrine concerning the negligent maintenance of the prison walkways.  (ECF No. 28.)  In response, Mr. Eaton disputes Defendant's alleged date of the incident and the care he received, but not the fact that he filed this action prior to receipt of the Defendant's response to his administrative tort claim No. TRT-NER-2015003499.  (ECF Nos. 30 - 31.)

As the issue of Mr. Eaton's failure to properly exhaust his administrative tort claim is dispositive, the Court will grant Defendant's motion for summary judgment without addressing the alternative arguments presented by Defendant.

## II.     Statement of Relevant Material Facts

From the pleadings, declarations and exhibits submitted therewith, the following facts are ascertained as undisputed or, where disputed, reflect Mr. Eaton's version of the facts, pursuant to this Court's duty to view all facts and reasonable inferences in the light most favorable to the nonmoving party.[1] *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2510.

Plaintiff William Eaton filed the instant action on October 5, 2015, while housed at the Schuylkill Federal Correctional Institution (FCI Schuylkill), in Minersville, Pennsylvania. (ECF No. 27, Def's Statement of Material Facts (DSMF), ¶ 2.)

Although the parties dispute the actual date of Mr. Eaton's injuries, the following is not disputed: In March 2015, at the age of 72, Plaintiff slipped and fell at the institution, breaking several ribs. He was seen the day of the injury in the institution's medical unit and received x-rays. Several days later Mr. Eaton was taken to an outside medical facility where it was confirmed that he broke several ribs and developed pneumonia. Mr. Eaton is presently housed at the Devens Federal Medical Center in Ayer, Massachusetts.

---

[1] In support of their summary judgment motion, Defendant submitted a statement of material facts. (ECF No. 27.) Mr. Eaton properly filed a response to Defendant's statement of facts. (ECF No. 30.) Mr. Eaton, when addressing the Defendant's statement of facts related to his exhaustion of his administrative tort claim remedies (ECF No. 27, DSMF ¶¶ 29 - 40) stated he "understood and accepted [¶ 29 - ¶ 40] as facts" and noted that he "was now in Federal Court." (ECF No. 30, p. 6.)

The Federal Bureau of Prisons (BOP) has an administrative tort claim process through which an inmate can seek compensation from the United States for personal injury, wrongful death, or loss of property. *See* 28 C.F.R. §§ 543.30 - 543.32. (ECF No. 27, ¶ 29.) The administrative tort claim process is also outlined in BOP Program Statement 1320.06, *Federal Tort Claims Act*. (*Id*. at ¶ 30.) BOP inmates may file an administrative tort claim pursuant to the Federal Tort Claims Act (FTCA) with the Regional Office. 28 C.F.R. ¶ 543.31(c). (*Id*. at ¶ 31.) If the claim is denied, the inmate can "request, in writings, that the Bureau of Prisons reconsider [the] claim in the administrative stage." 28 C.F.R. ¶ 543.32(g). (*Id*. at ¶ 32.) If the inmate is "dissatisfied with the final agency action," he may then file suit in federal court." (*Id*. at ¶ 33.)

Mr. Eaton has filed one administrative tort claim since his incarceration with the BOP. (*Id*. at ¶ 35.) On April 20, 2015, Mr. Eaton's tort claim, number TRT-NER-2015-03499, was received in the Northeast Regional Office (NERO). Plaintiff claimed that on or around March 12, 2015, he "slipped and fell as a result of FCI Schuylkill not properly maintaining the premises." (*Id*. at ¶ 37; *see also* ECF No. 27-1, pp. 12 - 15.) He sought $750,000.00 in damages. (ECF No. 27 at ¶ 38.) NERO notified Mr. Eaton that "under the provisions of the applicable federal statutes, we [NERO] have six months from the date of receipt to review, consider and adjudicate your [Eaton's] claim," number TRT-NER-2015-03499. (*Id*. at ¶ 39; *see also* ECF No. 27-1, p. 16.)

Mr. Eaton filed the instant action on October 5, 2015. (ECF No. 1.) On October 15, 2015, the government denied Mr. Eaton's Administrative Claim No. TRT-NER-2015-03499. (*Id.* at ¶ 40; *see also* ECF No. 27-1, p. 17.)

### III. Summary Judgment Standard of Review

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must determine "whether the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and whether the moving party is therefore entitled to judgment as a matter of law." *MacFarlan v. Ivy Hill SNF, LLC*, 675 F.3d 266, 271 (3d Cir. 2012)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 - 48, 106 S.Ct. 2505, 2509 - 10, 91 L.Ed.2d 202 (1986). In reviewing a motion for summary judgment, the court must view all facts and draw all reasonable inferences "in the light most favorable to the party opposing the motion." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014)(internal quotation marks omitted).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact.

*Santini v. Fuentes*, 795 F.3d 410 (3d Cir. 2015) (citing *Celotex,* 477 U.S. at 323, 106 S.Ct. 2553). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record ... or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) - (B). To withstand summary judgment, the non-moving party must "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553 (citation omitted). The non-moving party "may not rest on speculation and conjecture in opposing a motion for summary judgment." *Ramara, Inc. V. Westfield Ins. Co.*, 814 F.3d 660, 666 (3d Cir. 2016). Where contradictory facts exist, the court may not make credibility determinations or weigh the evidence. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 - 51, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000) (internal quotation marks and citations omitted); *Paradisis v. Englewood Hosp. Med. Ctr.*, 680 F. App'x 131, 135 (3d Cir. 2017).

## IV.    Discussion

Mr. Eaton's proper exhaustion of his administrative tort claim remedies is a prerequisite to bringing a suit under the FTCA. A claim must first be presented to the federal agency and be denied by the agency, or be deemed to be denied, prior to the initiation of a FTCA action.

The United States is immune from suit unless Congress expressly has waived its defense of sovereign immunity. *See United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct.

2961, 2965, 77 L.Ed.2d 580 (1983); *White-Squire v. U.S. Postal Service*, 592 F.3d 453, 456 (3d Cir. 2010). The FTCA operates as a limited waiver of sovereign immunity, rendering the United States amenable to suit for certain, but not all, tort claims. 28 U.S.C. § 1346(b)(1); *White-Squire*, 592 F.3d at 456. Limitations under and exceptions to the FTCA doom Mr. Eaton's claim.

The FTCA Requires exhaustion of administrative remedies before a claimant can institute legal action. Specifically, § 2675(a) states:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for the purpose of this section.

28 U.S.C. § 2675. Therefore, under § 2675, a legal action cannot be instituted until a claimant files a claim with the appropriate federal agency and that agency has finally denied the claim or has not processed it within six months of the filing. *White-Squire*, 592 F.3d at 457. Where a claimant fails to exhaust their administrative tort claim remedies before filing suit, the Complaint must be dismissed for lack of subject matter jurisdiction. *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993) (noting that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. Because Petitioner failed to heed that clear statutory command, the District Court

properly dismissed the suit."). The requirement to present a claim to the agency is jurisdictional and cannot be waived. *White-Squire*, 592 F.3d at 457 (citing *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971)).

Here, there is no dispute that Mr. Eaton filed his administrative tort claim notice on April 20, 2015, and that less than six months later and before the claim was denied by the Bureau of Prisons, he filed this civil action on October 5, 2015. Under these circumstances, Mr. Eaton's FTCA claim brought in this civil action is premature and shall be dismissed without prejudice.

An appropriate order follows.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**

**DATED: AUGUST 7, 2017**